COPY

JOHN B. BULGOZDY, Cal. Bar No. 219897
Email: bulgozdyj@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
JESSICA R. PUATHASNANON, Cal. Bar No. 208074
Email: puathasnanonj@sec.gov
DOUGLAS F. KOBAYASHI, Cal. Bar No. 205886
Email: kobayashid@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Andrew Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3866
Facsimile: (323) 965-3815

FILED
2009 APR 13 AM 10:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ________

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>MAXIMUM RETURN INVESTMENTS, INC. and CLELIA A. FLORES,<br><br>Defendants. | Case No. CV09-2536 ODW (SHx)<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) and 78aa. Defendants have, directly or indirectly, made use of the means or instrumentalities of interstate commerce, of the mails, or of the

facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district, the entity defendant is located in this district, and the individual defendant resides in this district.

## SUMMARY

3. This matter involves an offering fraud orchestrated by defendants Clelia A. Flores and her company, Maximum Return Investments Inc. ("MRI"), that raised approximately $23 million from at least 150 investors in seven states.

4. From late 2006 to at least February 2008, MRI engaged in an unregistered offering of securities targeting the Hispanic-American community. Through MRI, Flores offered and sold MRI securities in the form of investment contracts and/or notes. Flores offered investors these securities as part of MRI's purported risk-free, high-yield investment programs in real estate, commodities, and banking. Flores and MRI solicited investors through word-of-mouth, testimonials, investor referrals, and during investor meetings and seminars.

5. MRI and Flores falsely represented to investors that 100% of their investments would be guaranteed safe and used to invest in MRI's high-yield investment programs. MRI and Flores also falsely represented that investors would receive a 25% return on their investment within 30 to 45 days and daily interest if their stated returns were not paid out within the specified time period. MRI and Flores misrepresented to investors that the investors' returns were generated from the profits of MRI's investments.

6. In fact, MRI and Flores were misappropriating investor funds and operating a Ponzi scheme. Contrary to Flores' representations to investors,

investor funds were not guaranteed and were not used to invest in risk-free, high-yield investment programs. Instead, MRI and Flores pooled all investor funds into primarily one bank account and then used those funds to repay initial investments plus purported "returns" to earlier investors. MRI and Flores invested only a portion of investor funds, but not in risk-free investments. Rather, MRI and Flores used a portion of investor funds for high-risk projects and start-up ventures that never paid any returns. Flores also misappropriated investor funds to pay MRI's expenses and for her own personal use.

7. Through their scheme, Flores and MRI violated the antifraud and securities registration provisions of the federal securities laws. The Commission, therefore, seeks permanent injunctions, disgorgement of the defendants' ill-gotten gains, and civil penalties.

## DEFENDANTS

8. **Maximum Return Investments, Inc. ("MRI")** is a California corporation based in El Segundo, California. From late 2006 to about February 2008, MRI raised approximately $23 million from an unregistered offering of securities. MRI's office was closed in late 2008. MRI has never registered an offering of securities under the Securities Act.

9. **Clelia A. Flores ("Flores")** resides in El Segundo, California and is the president of MRI. Flores is not registered with the Commission in any capacity.

### A. THE MRI OFFERING

10. Between December 2006 and February 2008, MRI and Flores raised approximately $23 million from at least 150 investors in seven states through its offering of investments in MRI's purported risk-free, high-yield investment programs (the "MRI Offering"). Flores represented to investors that MRI had confidential investment opportunities in real estate, oil, silver and gold exploration. Flores also claimed to have relationships with prominent banks that enabled her to

participate in various bank trading programs. Flores told investors that 100% of their investment would be used to invest in a specific high-yield investment program, such as bank trading, oil and gold exploration, or real estate. Flores promised investors that they would earn a 25% return in a short period of time (usually 30 to 45 days) and that all investor principal was guaranteed by MRI.

11. From late 2006 through February 2008, MRI and Flores solicited new investors on a referral basis (and paid a 10% commission to "referral partners") and relied heavily upon testimonials by other investors. Throughout 2007, MRI also hosted conferences in hotels to attract new investors. Investors were from California, New York, Georgia, Utah, Nevada, Texas, and Illinois and were largely from the Hispanic-American community.

12. Once an investor expressed interest, MRI provided instructions on where to wire or deposit the investment funds. Shortly thereafter, the investor received investment documents, including a promissory note. Some of the promissory notes falsely stated that the investment was insured by the Insurance Service Group.

13. MRI and Flores also gave potential investors offering and promotional materials that were prepared at Flores' direction. One pamphlet entitled "Maximum Return Investments" provided a payout scenario claiming that a $25,000 investment earned $6,250 in one month, a $50,000 investment earned $12,500 in one month, and a $100,000 investment earned $25,000 in one month. The pamphlet also stated that investor funds would be deposited into an MRI bank account, leveraged for trading, and guaranteed by a bank.

14. Some investors also received a document entitled "A Brief Introduction to Modern Money Creation" in Spanish and English as an illustration of MRI's bank trading program. This brochure minimized the risks associated with the investment by explaining that the investor's principal would be fully secured by a bank-endorsed guarantee in the name of the investor.

15. The MRI Offering was not registered with the Commission.

## B. MRI and Flores Misappropriated Investor Funds and Made Material Misrepresentations

16. MRI's business was a sham, designed by Flores to attract investors by presenting herself as a legitimate, experienced, and successful business person, especially in the field of investments. Rather than using investor funds as represented, Flores misappropriated the funds and concealed this practice by making payments to older investors using new investor money in a Ponzi-like fashion.

17. MRI and Flores directed investors to either wire transfer or deposit money to MRI's bank account at Bank of America. Flores had established several bank accounts for MRI at Bank of America. $23 million of investor funds were deposited into MRI's accounts. Flores had exclusive control over these investor funds because she was the only person authorized to make withdrawals, write checks, and transfer money to and from MRI's accounts.

18. Contrary to the defendants' representations, all investor funds were not used to invest in MRI's risk-free, high-yield investment programs. The defendants instead used approximately $13 million of investor money in a Ponzi-like fashion to pay existing investors their purported returns.

19. Flores also used $1.5 million of investor money to finance MRI's operating expenses including, among other things, office space, letterhead, a small staff, and a lavish party in July 2007 to celebrate MRI's alleged success.

20. Flores also misappropriated approximately $3.5 million of investor funds for her personal use. Flores used the MRI bank accounts and her personal bank account at Bank of America interchangeably and made withdrawals from MRI's bank accounts that totaled approximately $1.9 million. In addition to paying herself a salary of about $160,000 from July 2007 to April 2008, Flores wired approximately $945,000 of investor funds from MRI's bank accounts to her

personal bank account between March 2007 and November 2007, to pay for her personal expenses. Flores also used approximately $443,000 of investor funds to purchase a home in December 2007.

21. Despite claims that 100% of investor money was to be invested in risk-free, high-yield investments, Flores used only approximately $5.6 million of the $23 million raised to invest in high-risk ventures and start-up companies that failed to pay any returns to MRI.

22. Neither MRI nor Flores disclosed to investors that investor funds were used for anything other than MRI's stated investment programs. There are no funds left in MRI's accounts.

23. Further, the defendants' representations that the MRI Offering was risk-free and that investors' principal was safe were also false. Investors have made repeated demands for the return of their principal investments, but these investors have not received their money. Despite promises that investments were guaranteed by an insurance company or banks, MRI's investments were neither insured by an insurance company nor guaranteed by any bank.

## FIRST CLAIM FOR RELIEF

### UNREGISTERED OFFER AND SALE OF SECURITIES

### Violations of Sections 5(a) and 5(c) of the Securities Act

### (Against All Defendants)

24. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

25. The defendants, and each of them, by engaging in the conduct described above, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

26. No registration statement has been filed with the Commission or has been in effect with respect to the offering alleged herein.

27. By engaging in the conduct described above, each of the defendants violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## SECOND CLAIM FOR RELIEF

### FRAUD IN THE OFFER OR SALE OF SECURITIES

### Violations of Section 17(a) of the Securities Act

### (Against All Defendants)

28. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

29. The defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

a. with scienter, employed devices, schemes, or artifices to defraud;

b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

By engaging in the conduct described above, each of the defendants violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## THIRD CLAIM FOR RELIEF

**FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

**(Against All Defendants)**

30. The Commission realleges and incorporates by reference paragraphs 1 through 23 above.

31. The defendants, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

a. employed devices, schemes, or artifices to defraud;

b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

32. By engaging in the conduct described above, each of the defendants violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

**I.**

Issue findings of fact and conclusions of law that the defendants committed the alleged violations.

II.

Issue judgments, in a form consistent with Fed. R. Civ. P. 65(d), permanently enjoining defendants and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the judgment by personal service or otherwise, and each of them, from violating Sections 5(a), 5(c), and 17(a) of the Securities Act, 15 U.S.C. §§ 77e(a), 77e(c), and 77q(a); and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

III.

Order each of the defendants to disgorge all ill-gotten gains from the illegal conduct alleged herein, together with prejudgment interest thereon.

IV.

Order the defendants to pay civil penalties pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

V.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

VI.

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: April 13, 2009

Douglas F. Kobayashi
Attorney for Plaintiff
Securities and Exchange Commission

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV09- 2536 ODW (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>PLAINTIFF(S)<br>v.<br>MAXIMUM RETURN INVESTMENTS, INC. and CLELIA A. FLORES<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV09-2536 ODW (SHx)<br><br>**SUMMONS** |

TO: DEFENDANT(S): Maximum Return Investments, Inc. and Clelia A. Flores

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, John B. Bulgozdy/Douglas F. Kobayashi, whose address is SEC/LARO, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: APR 13 2009

By: Natalie Longoria
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | MAXIMUM RETURN INVESTMENTS, INC. and CLELIA A. FLORES<br><br>Los Angeles County |
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John B. Bulgozdy and/or Douglas F. Kobayashi (323) 965-3998<br>Securities and Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036 | Attorneys (If Known)<br>P. Wayne Little (818) 501-1839<br>P. Wayne Little & Associates<br>16000 Ventura Boulevard, Suite 901<br>Encino, CA 91436 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**__________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. §§ 77e(a) & 77e(c); 15 U.S.C. § 77q(a); 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5.

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☑ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities - Employment
- ☐ 446 American with Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/ Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

CV09-2536

**FOR OFFICE USE ONLY:** Case Number: ____________________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Maximum Return Investments, Inc. - Los Angeles County; Clelia A. Flores - Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): [signature] **Date** April 13, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |